---
Jencks *agt.* Smith.
---

---

### JENCKS, plaintiff in error, *agt.* SMITH, defendant in error.

#### *Questions discussed.*

1. Whether *growing grass* upon land leased by a tenant of the owner, can be mortgaged by the tenant in possession, as *personal property?*   In other words, is it real or personal property, and would it go to the *executor,* or the *heir?*

2. Whether it is necessary, in order to sustain a judgment under a chattel mortgage, to show that proof was given on the trial, of the *residence* of the *mortgagor,* or that the property mortgaged *was in the town* at the time the mortgage was executed?   (*Laws* 1833, *chap.* 279, *p.* 402.)   And where such proof does not affirmatively appear, and no objection being made on that ground at the trial, can advantage be taken of it afterward, although the proof would be held necessary, if proper objection made?

Israel Smith sued Elmer D. Jencks before a justice of the peace in Madison County, in an action of trespass for taking and carrying away a quantity of hay claimed by the plaintiff. The defendant pleaded the general issue, and gave notice that he would prove that the hay belonged to him by virtue of a chattel mortgage given by Philip Arnold, the owner of the hay.

Jencks *agt.* Smith.

On the trial, (which was by a jury,) the plaintiff proved the rendition of a judgment in his favor, against Philip Arnold, on the 10th of January, 1843, by a justice of the peace.   Also the issuing of an execution upon that judgment and several renewals of it.   Also proved the levy upon the hay in question, and the sale of it, about the last of September, 1843.   The hay, when sold, was in stacks on the premises in possession of Arnold.   Arnold informed the constable, after the levy, and in the presence of one Miner, the agent of plaintiff, that he had given Jencks a mortgage on the grass while it was growing. Plaintiff proved that the hay was drawn away by Jencks' direction about the 1st October, 1843, and used by him.

The defendant proved, by Philip Arnold, that the grass was mortgaged by Arnold to the defendant for a book account he owed him.   Defendant hired Arnold to cut the grass, and paid him.   The mortgage was introduced, and the execution of it admitted by plaintiff's counsel, and read in evidence without objection.   It was dated July 13, 1843, payable on the first of August following, for $15,50.   The witness said he saw the mortgage when it was filed by the town clerk of De Ruyter, when the filing bears date, on the day of its execution or date, and witness took it from the town clerk's office.

The jury found a verdict for the defendant, upon which judgment was rendered by the justice for $5,00 costs.   The plaintiff brought certiorari to the Madison common pleas, and that court affirmed the judgment of the justice.   The plaintiff then brought writ of error to the supreme court, and that court reversed the judgment of the common pleas and justice, on the ground that there was no proof on the trial of the residence of the mortgagor, or that the property mortgaged was in that town at the time the mortgage was executed.   JEWETT, J. delivered the opinion of the court.   *Reported* 1 *Denio*, 580.

*A. Scott Sloan, Attorney, and*
*Henry G. Wheaton, Counsel* for plaintiff in error.

*First.* The grass mortgaged, was grown on lands owned by one Hunt, and held by the mortgagor as tenant.   It would go to the executor, not to the heir, and in such case is personal

property.    (1 *Hill,* 176 ; *see opinion of Jewett, J. in this case in sup. ct. ;* 1 *Cowen's Tr.* 272 ; 1 *Comyn on Contracts,* 75–80 ; 9 *C.* 39.)

*Second.* The proof showed, that the mortgage was given for a good consideration, and the jury having by their verdict negatived the presumption that it was made to defraud creditors, this court will not interfere.    (*Smith & Hoe* v. *Acker,* 23 *Wend.* 652 ; *Fuller* v. *Acker,* 1 *Hill,* 473 ; 16 *Wend.* 529.)

*Third.* The return of the justice does not purport to state all the testimony given on the trial.    (*See Error Book.*)    This being so, the intendment is that there was sufficient to warrant the verdict.    (2 *Cow. Tr.* 987, 988.)    It will be presumed that proof was given that the mortgagor resided in the town where the mortgage was filed.

*Fourth.* In this case the defendant in error had actual notice of the existence of the mortgage.    (*See Error Book.*)

*Fifth.* The judgment in the justices' court may be upheld on the ground that there was a sale and delivery of the hay, irrespective of the mortgage.    (*See testimony of Philip Arnold, case, p.* 7.)

*Sixth.* The point now made, that it was not proved that the mortgagor resided in the town where the mortgage was filed, not having been raised on the trial, cannot now be insisted upon in this court.    (*Jackson* v. *Christman,* 4 *Wend.* 277 ; *Jackson* v. *Davis,* 5 *Cowen,* 123 ; *Jackson* v. *Jackson,* 5 *Cowen,* 173.)    .

A. Scott Sloan, *Attorney for Plff. in Error.*
H. G. Wheaton, *of Counsel.*

*Calvin Carpenter, Attorney, and*
*Wm. J. Hough, Counsel* for defendant in error.

*First.* The mortgage by which the defendant (in the justices' court) claimed the hay, was void so far as it professed to cover the grass from which the hay was made.    Growing grass is a part of the realty, and is not the subject of being conveyed or pledged as security by chattel mortgage.    The mortgage, therefore, gave the defendant no subsisting lien upon it; and when it was cut and made into hay, it was still the property of Arnold, the mortgagor, and being levied upon while in his pos-

session, the plaintiff acquired a good title to it by his purchase under the execution.

" *Grass growing*, fruit not gathered, or other articles which belong to the freehold and go to the heir, and which include all such things as are growing upon land, but which are *not raised annually* by labor and manurance, cannot be sold on exe-cution," for the reason that they are a part of the freehold, and consequently cannot be sold or pledged by chattel mortgage. (2 *Cowen's Treatise*, 1049, *top ; Toller's Law of Executions*, 114, 115; *Greene* v. *Armstrong*, 1 *D. R.* 550, *and cases there cited ;* 2 *R. S.* 24, § 6, *sub.* 6; 3 *R. S.* 639, *Revisers' Notes*, " *original note.*")

That Arnold's title to the land on which the grass was grow-ing, was by lease from Hunt, did not change the nature of the property, nor convert the growing grass (a part of the freehold) into personal chattels. It was a title *less* than a fee *simple*, yet it was nevertheless a *title*, a *fee*, during the time the lease had to run; whether that was for one year or ten, does not appear, nor is it material; the principle is the same. If the lessee had died, the *title*, the *fee* of the land, and consequently the grow-ing grass for the remainder of the lease, would have gone to the *heir*, and not to the *executor*.

Arnold, though tenant to Hunt, owned the land for the term, whether long or short. And so title to land and grass in the same person. So judge went on a mistaken assumption of fact.

*Second.* " There was no proof on the trial of the residence of the mortgagor. Whether he resided in the town of De Ruyter," where the mortgage was filed, " or even in this state, does not appear. Nor does it appear that the property mort-gaged was in that town at the time the mortgage was exe-cuted," nor does it appear that the mortgage was on file with the town clerk at the time the hay was levied upon by the execution. The mortgage was, therefore, fraudulent and void as against the execution creditor, the possession of the hay being in the mortgagor at the time of the levy.

The *statute of* 1833, *chap.* 279, *p.* 402, requires that every mortgage and conveyance intended to operate as a mortgage of

goods and chattels, thereafter made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor and against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy, shall be filed in the town or city where the mortgagor, if a resident of this state, shall reside at the time of the execution thereof ; and if not a resident, then in the city or town where the property so mortgaged shall be at the time of the execution thereof. (*Smith* v. *Jencks*, 1 *D. R.* 580 ; *Harford* v. *Artcher*, 4 *Hill*, 271 ; *Smith & Hoe* v. *Acker*, 23 *Wend.* 653.)

*Third.* The plaintiff in the justices' court acquired a valid title to the hay by the levy, sale, and purchase under his execution. The judgment of the supreme court reversing that of the common pleas, and also that of the justice, which was clearly unsupported by the evidence, was therefore clearly right, and should be affirmed with costs. (*Baldwin* v. *Delevan*, 2 *Hill*, 125, *and cases there cited.*)

*Decision.* Judgment of the supreme court reversed, and that of the common pleas affirmed.

WRIGHT, J., delivered the opinion of the court, in which BRONSON, (in a short opinion,) GARDNER, RUGGLES, and JONES, J. J., concurred.

JEWETT, Ch. J., and GRAY, J., delivered opinions for affirmance, with whom JOHNSON, J., concurred.

NOTE. The court *held*, that if the return of the justice showed affirmatively, that proof was wanting of the residence of the mortgagor, and that it did not appear that the mortgage was filed in the town where the property was, and that objection was raised before the justice, on account of the absence of it, the defect would be fatal.

But where the return is merely silent on the point, and no objection appears to have been taken before the justice, and where opportunity is given for objection, and the party whose duty it is to object remaining silent, all reasonable intendments will be made by this court to sustain the judgment.

*Reported,* 1 *Comstock,* 90.